**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ray D. Fowler, Appellant,

v.

Pilot Travel Centers, LLC d/b/a Pilot Flying J- 3008 Charleston Highway, Cayce, South Carolina; Myra Lashay Dixon; T.J. Jarre Bates; and Rico Shamar Sellers, Defendants,

Of whom Pilot Travel Centers, LLC and Myra Lashay Dixon are Respondents.

Appellate Case No. 2022-000113

———

Appeal From Lexington County
Brooks P. Goldsmith, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-366
Submitted October 1, 2023 – Filed November 15, 2023

———

**AFFIRMED**

———

Gary Walton Popwell, Jr., of Lee Eadon Isgett & Popwell, of Columbia, for Appellant.

R. Davis Howser, of Howser Newman & Besley, LLC, of Columbia; and Andrew LaRoche Hethington, of Howser

Newman & Besley, LLC, of Charleston, both for Respondents.

_____

**PER CURIAM:** Ray D. Fowler appeals the circuit court's order granting summary judgment in favor of Pilot Travel Centers, LLC d/b/a Pilot Flying J-3008 Charleston Highway, Cayce, South Carolina (Pilot) and Myra Lashay Dixon (collectively, Respondents). Fowler argues the circuit court erred by finding his claims were barred by the doctrines of primary implied assumption of the risk and secondary implied assumption of the risk. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Fowler, we hold the circuit court did not err by granting summary judgment in favor of Respondents under the doctrine of primary implied assumption of the risk. *See Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 36, 637 S.E.2d 560, 561 (2006) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party.").

We find the circuit court did not err in finding Respondents' duty of care did not encompass the risk involved in fighting. *See Cole v. S.C. Elec. & Gas, Inc.*, 362 S.C. 445, 453, 608 S.E.2d 859, 863 (2005) ("Primary implied assumption of the risk arises when the plaintiff impliedly assumes risks inherent in a particular activity. It is not a true affirmative defense but is another way of stating there is no duty to the plaintiff."); *Hurst*, 371 S.C. at 38, 637 S.E.2d at 562-63 (holding the defendants "did not have a duty to protect [the plaintiff], a spectator, from inherent risks of the game of hockey" under the doctrine of implied primary assumption of the risk when "[t]he risk of a hockey spectator being struck by a flying puck is inherent to the game of hockey and is also a common, expected, and frequent risk of hockey"); *Cole v. Boy Scouts of Am.*, 397 S.C. 247, 253, 725 S.E.2d 476, 479 (2011) (holding that under the doctrine of primary implied assumption of the risk, the defendant did not owe a duty to the plaintiff who was injured while playing recreation league softball). Similar to the inherent risks of contact sports, the risk of bodily injury is an inherent risk of engaging in a physical altercation. *See Cole*

*v. Boy Scouts of Am.*, 397 S.C. at 253, 725 S.E.2d at 479 (determining that when "a person chooses to participate in a contact sport, whatever the level of play, he assumes the risks inherent in that sport").  Moreover, Fowler's deposition testimony established he knew the risks involved in fighting and he voluntarily engaged in the physical altercation in an attempt to protect Dixon.[1]

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] In light of our disposition, we decline to address Fowler's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.